UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM O'LEARY AND LYNNE O'LEARY,          Case #:2:22-cv-00453-JMA-JMW

                      Plaintiffs,

       - against -                                             **VERIFIED AMENDED COMPLAINT**

SAMSUNG SDI CO., LTD.,  SHENZHEN IVPS          **PLAINTIFFS DEMAND**
TECHNOLOGY CO., LTD., A CHINESE                **A TRIAL BY JURY**
CORPORATION and SHENZHEN SMOK
TECHNOLOGY CO., LTD., A CHINESE
CORPORATION,

                      Defendant.
-----------------------------------------------------------------X

Plaintiffs, complaining of the Defendant, by their attorneys, **DELL & DEAN, PLLC**, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. At all times hereinafter mentioned, Plaintiffs **WILLIAM O'LEARY and LYNNE O'LEARY**, was and still is a resident of the State of New York, residing at 14 Adar Lane, East Northport, County of Suffolk, State of New York.

2. Upon information and belief, Defendant **SAMSUNG SDI CO., LTD.** was and still is a Korean entity headquartered at Giheung Headquarters, 150-20, Gongse-ro Giheung-gu, Yongin-si, Gyeonggi-do.   Upon information and belief, Defendant **SAMSUNG SDI CO., LTD.** manufacturers and distributed lithium-ion 18650 batters worldwide and exports/imports and distributed lithium-ion batteries throughout the State of New York and throughout the United States more broadly.

3. Upon information and belief, Defendant **SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION** was and still is a Chinese entity headquartered at 3rd

Floor, No. 15, Kejibei 2nd Road, Nanshan District, Shenzhen, China and 13F Block B3, Building Unit 9, Zone 2, Shenzen Bay Tech-Eco Park, Nanshan District, Shenzhen, China. Upon information and belief, Defendant **SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION** manufacturers and distributed lithium-ion 18650 batteries worldwide and exports/imports and distributed lithium-ion batteries throughout the State of New York and throughout the United States more broadly.

4. Upon information and belief, Defendant **SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** was and still is a Chinese entity headquartered at 3rd Floor, No. 15, Kejibei 2nd Road, Nanshan District, Shenzhen, China, and 13F Block B3, Building Unit 9, Zone 2, Shenzen Bay Tech-Eco Park, Nanshan District, Shenzhen, China. Upon information and belief, Defendant **SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** manufacturers and distributed lithium-ion 18650 batters worldwide and exports/imports and distributed lithium-ion batteries throughout the State of New York and throughout the United States more broadly.

5. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

6. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

7. Jurisdiction is proper because defendants committed a tortious act within the State of New York by selling and delivering defective products to persons, firms, or corporations in the state via their distributors, dealers, wholesalers, and brokers. Such products were used by consumers in new York in the ordinal course of commerce and trade. Conducting and engaging in substantial business and other activities in New York by selling products to persons, firms, or

corporations in this state via its distributors, wholesalers, dealers and brokers. Such products were used by consumers in New York in the ordinary course of commerce and trade. Purposefully directing sales of its products, either directly or indirectly, to the States of New York with the intent and knowledge that said products would reach and by used by New York residents and consumers. Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of New York users or consumers.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiffs reside within that district, and that district is the most convenient for this action to be tried, and significant events related to the case occurred in the district.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF WILLIAM O'LEARY

9. E-cigarettes, also known as e-cigs, e-hookahs, hookah pens, vapes, vape pens and mods (customizable, more powerful vaporizers) are battery operated devices that deliver nicotine through flavoring and other chemicals to users in the form of vapor instead of smoke[1]. They were first patented in 2003 and have been available for sale in the United States since 2007.[2]

10. E-cigarettes are designed to simulate the act of smoking traditional tobacco, allegedly with less of a the toxic chemicals produced by the burning of tobacco leaves. [3] E-cigarettes offer does of nicotine with a vaporized solution, often referred to as "juice" or "e-liquid", providing a physical sensation similar to tobacco smoke.

---

[1] *See generally, Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at *https://www.drugabuselgove/publications/drugfacts/electronic -cigarettes-e-cigarettes.*
[2] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016,* U.S. Fire administration, July 2017 available at *https://www.usfa.fema.gove/downloads/pdf/publications/electronic_cigarettes.pdf*
[3] *See generally, Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at *https://www.drugabuse.gove/publications/drugfacts/electronic-cigarettes-e-cigarettes.*

11. Generally, electronic cigarettes operate the same way regardless of the model in that they typically consist of at least three (3) component parts: a tank, a battery that works to heat the juices of e-liquid contained in the tank, and an atomizer that converts the liquid into vapor that the user inhales.

12. E-cigarettes differ from traditional cigarettes in a critical way: the e-cigarette is battery-operated and used a heating element to produce vapor, and the traditional cigarette has no electronic component. While both products may produce a similar physical sensation, e-cigarettes pose an additional danger – the batter-powered heating element, as well as the battery itself – that can and have caused explosions, fires and serious injury.

13. E-cigarettes are more dangerous than other products that contain lithium batteries because the e-cigarette is most often designed as a cylindrical device, requiring a lithium-ion battery of a similar shape. When the device malfunctions or fails, the battery can be hot out like a bullet or rocket. [4]

14. At least two deaths have been reported in relation to an exploding e-cigarette.[5]

15. In addition to the physical harm posed by e-cigarettes and their components, the e-cigarettes also pose considerable health risks.

16. E-cigarette use exposes the lungs to a variety of chemicals, including those added to e-liquids and other chemicals produced during the heating/vaporizing process.[6]

17. E-cigarettes have become increasingly popular. They have been marketed as smoking-cessation aids[7] and as a healthier alternative to traditional tobacco cigarettes. The

---

[4] United States Fire Administration, *Electronic Cigarette Fires and Explosions, October 2012, at p. 5*
[5] *See* Fortin, J., Vape Pen Kills a Floriday Man, NY Times, May 16, 2018 available at *https://www.nytimes.com/2018/05/16/us/man-killed-vape-explosion.html*; Williams, D., A man Dies After E-Cigarette Explodes In His Face, February 5, 2019, available at *https://www.cnn.com/2019/02/05 /health/exploding-vape-pen-death-trnd/index.html*.
[6] United States Fire Administration, *Electronic Cigarette Fires and Explosions*, October 2012, at p. 5.
[7] *Id.*

selection of products has grown at an extremely rapid rate. 8

18. Since their introduction into the United States, sales have risen dramatically from approximately $20 million in 2008 to $2.5 billion in 2012. Industry experts predict the e-cigarette industry will become an $85 billion business within a decade and surpass the tobacco industry. 9

19. In January 2014, there were 466 brands of e-cigarettes and over 7,000 unique e-cigarette juice flavors available for sale. 10

20. Electronic cigarette juices come in enticing flavors such as Lucky Charms, SourPatch, Pumpkin Spice, Chocolate Ice Pop, Strawberry Solis, Guava Pop and OMG. E-cigarette advertisements are unrestricted, appearing on television, radio and in print.

21. E-cigarette markets is unfettered and unregulated. Whereas tobacco advertisements have been banned on radio and television for more than 40 years, no such restrictions have been instituted in the e-cigarette arena. Manufacturers, distributors and sellers of e-cigarettes therefore reach a broader consumer base than the tobacco industry and have the freedom to utilize the same marketing tactics previously employed by big tobacco. Namely, the the supposed health benefits of their products absent scientific and medical data to support such claims; to portray e-cigarette smoking as a harmless pastime on TV, radio, and in print; capitalize on individuals already addicted to nicotine; and/or encourage nicotine newcomers (mainly youths and young adults) to pick up the habit.

22. Despite advertisements that represent e-cigarettes as a healthier alternative to

---

8 Zhu, S.H., Sun, J.Y., Bonnevie, E., Cummins, S., Ganst, A., Yin, L., & Lee, M. (2014). Four hundred and sixty brands of e-cigarettes and counting: Implications for product regulation. Tobacco Control Act 2014, 23:iii3-iii9.
9 Clarke, T., *Reports of E-Cigarette Injury Jump Amid Rising Popularity, United States Data Show*, Reuters.com, April 17, 2012.
10 Zhu, S.H., Sun, J.Y., Bonnevie, E., Cummins, S., Gamst, A., Yin, L., & Lee, M. (2014). Four hundred and sixty branks of e-cigarettes and counting: Implications for product regularion. Tobacco Control Act 2014, 23: iii3-iii9.

traditional cigarettes, various articles have concluded that the long-lasting effects of smoking e-cigarette devices are unknown.    11

23.     China, Korea, and other foreign countries are major producers of e-cigarettes and their component parts.    It was estimated that more than 300 million e-cigarettes were shipped from China to the United States and Europe in 2015. 12    Many of these products are shipped from China and placed directly into the stream of commerce in the United States without any knowledge as to the composition, design, or safety of the products.    Most United States' distributors choose to import e-cigarettes from China because of the low cost and non-existent quality control.

24.     The United States Fire Administration characterized the "combination of an electronic cigarette and a lithium-ion battery" as a "new and unique hazard" because there is "no analogy among consumer products to the risk of a severe, acute injury presented by an e-cigarette."13

25.     At all times hereinafter mentioned, Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION, A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION., A CHINESE CORPORATION** committed a tortuous act within the State of New York.

26.     That Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS**

---

11 *See e.g.* National Academies of Sciences, Engineering and Medicine, *Public Health Consequences of E-Cigarettes,* Washington, DC; The National Academies Press, 2018 (characterizing the use of e-cigarettes on public health as "unknown" and conclusively determining e-cigarette smokers are exposed to potentially toxic substances in addition to nicotine).

12  Barboza, David, *Chine'as E-Cigarette Boom Lakes Oversight for Safety*, New York Times, December 13, 2012 available at *https://www.nytimes.com/2014/12/14/business/international/chinas-e-cigarette-boom-lacks-oversight-for-safety.html.*

13  McKenna, L., Electronic Cigarette Fires and Explosions in the United States 2009-2016, U.S. Fire administration, July 2017.

**TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** regularly does, or solicits, business in the State of New York.   Moreover, Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** regularly does, or solicits, business in the Eastern District, New York.

27. That at all times herein mentioned the Defendants **SAMSUNG SDI CO., LTD..., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** was in the business of selling, manufacturing and distributing a SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh and Sony VTC6 18650 3000mAh 15A battery for the purpose of sale and use to the general public.

28. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery.

29. That at all times herein mentioned, on November 25, 2019, and thereafter the Defendants, **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** manufactured, sold, distributed and delivered to various retailers, including in New York, the above mentioned product.

30. That on November 25, 2019, Plaintiff **WILLIAM O'LEARY**, used said product

of Defendant in the manner intended and/or foreseeably intended, when the product caused injury to the Plaintiff, thereby causing severe and catastrophic personal injuries to Plaintiff when the relevant device(s) exploded while in his pocket as plaintiff was leaving his home.

31. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** warranted said product was fit for the purpose for which it was intended.

32. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

33. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** impliedly warranted that the said product was of merchantable quality and was safe for use.

34. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery which caused Plaintiff, **WILLIAM O'LEARY**, to suffer severe and permanent personal injuries.

35. That the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS**

**TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery which caused Plaintiff, **WILLIAM O'LEARY**, to suffer severe and permanent personal injuries

36. That relying upon said warranties, Plaintiff **WILLIAM O'LEARY** proceeded to use the said product in accordance with its intended use.

37. That the Plaintiff **WILLIAM O'LEARY** while using the product in accordance with its intended use was caused to suffer and sustain severe bodily injuries.

38. That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **WILLIAM O'LEARY** contributing thereto.

39. That the aforesaid accident was caused solely and wholly by reason that Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION,** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

40. That the carelessness and recklessness of the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** in the design, creation, manufacture, testing, inspection, production, sales, distribution and selling of the aforesaid SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery in creating a product which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the

ordinary and usual manner; in designing, manufacturing and distributing SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh which were unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery; in failing to warn of its proper use; in failing to properly test and inspect the product during the manufacturing process; in negligently and carelessly warranting, representing and advertising that the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery was safe and free from danger when used in the customary and usual manner; in failing to give proper warnings and cautions; in failing to manufacture and placing into the stream of commerce a SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery which was not properly designed and manufactured; and Defendants, were otherwise negligent in the operation, supervision and maintenance of said product.

41. That upon information and belief, the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; and it caused severe injuries while being used and the products were otherwise defective.

42. That Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** caused the product to have improper and defective material; to be improperly designed; to be improperly manufactured; to have improper and inadequate warnings or instructions; to not be safe for use for the purposes

intended; to be inherently and/or unreasonably dangerous; to cause severe injuries while being used, and to be otherwise defective.

43. That Plaintiff **WILLIAM O'LEARY** was caused to sustain bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery for use by businesses and the general public; and in otherwise being careless and negligent

44. Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION'S** conduct was negligent, careless and reckless and beyond all standards of common decency so as to permit the recovery of punitive damages.

45. That by reason of the foregoing, Plaintiff **WILLIAM O'LEARY** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

46. That by reason of the foregoing, the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** their

agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

47. That by reason of the foregoing Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** is liable to the Plaintiff **WILLIAM O'LEARY** under the doctrine of Strict Products Liability.

48. That Plaintiff **WILLIAM O'LEARY'S** strict product liability claims arise from violations of State law along with violations of federal laws and regulations.

49. That as a result of the foregoing, Plaintiff **WILLIAM O'LEARY** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF WILLIAM O'LEARY**

50. Plaintiff **WILLIAM O'LEARY**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

51. That at all times hereinafter mentioned, the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION, and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** designed, manufactured and distributed the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery in question, knowing and intending for it to be used by the public.

52. That on November 25, 2019, the Plaintiff **WILLIAM O'LEARY** was making use of the aforesaid SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650

3000mAh battery, in a manner which the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** knew and intended to be used and/or in a manner foreseeable by the Defendant.

53. That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **WILLIAM O'LEARY**.

54. That on November 25, 2019 and thereafter, Plaintiff **WILLIAM O'LEARY** used the product for the purpose and use normally intended.

55. That on November 25, 2019 and thereafter, while Plaintiff **WILLIAM O'LEARY** was using the said product, which was without any warnings malfunctioned causing Plaintiff to suffer severe bodily injuries.

56. That upon information and belief, the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery in question were defective in that, among other things, were made of improper and defective material; were improperly designed; were improperly manufactured; they failed to have adequate and proper warnings or instructions; were not safe to be used for the purposes intended; were inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

57. That on November 25, 2019, while Plaintiff **WILLIAM O'LEARY** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for

use by physicians and the general public; and in otherwise being careless and negligent.

58. That by reason of the foregoing, the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

59. That by reason of the foregoing Defendants are liable to the Plaintiff **WILLIAM O'LEARY** under the doctrine of Strict Products Liability and pursuant to Section 402A - Restatement of Torts Second.

60. That by reason of the foregoing, Plaintiff **WILLIAM O'LEARY** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<b>AS AND FOR A THIRD CAUSE OF ACTION<br>ON BEHALF OF WILLIAM O'LEARY</b>

61. Plaintiff **WILLIAM O'LEARY** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

62. That Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION**, their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery were safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of

merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

63. That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery, the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** their agents, servants and/or employees knew that the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery would be used and the users of said product would rely upon the expressed and implied warranties and representations that the said product was safe, proper, merchantable and fit for its intended uses and was free from any defects.

64. That by reason of the foregoing, the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** violated and breached the aforementioned express and implied warranties and that the SMOK OSUB Baby 80WTC starter kit, including one Samsung 30X 18650 3000mAh battery was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

65. That Plaintiff **WILLIAM O'LEARY** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and**

**SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

66. That by reason of the foregoing, Plaintiff **WILLIAM O'LEARY** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION
<u>ON BEHALF OF LYNNE O'LEARY</u>**

67. Plaintiff **LYNNE O'LEARY** repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

68. That at all times hereinafter mentioned, Plaintiff **LYNN O'LEARY** was the spouse of the Plaintiff **WILLIAM O'LEARY** and as such was entitled to the society, services and consortium of her spouse **WILLIAM O'LEARY**.

69. That by reason of the foregoing, Plaintiff **LYNN O'LEARY** was deprived of the society, services and consortium of the Plaintiff **WILLIAM O'LEARY** and shall forever be deprived of said society, services and consortium.

70. That by reason of the foregoing, Plaintiff **LYNN O'LEARY** was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

**WHEREFORE**, Plaintiffs **WILLIAM O'LEARY and LYNN O'LEARY** demand judgment against the Defendants **SAMSUNG SDI CO., LTD., SHENZHEN IVPS TECHNOLOGY CO., LTD., A CHINESE CORPORATION and SHENZHEN SMOK TECHNOLOGY CO., LTD., A CHINESE CORPORATION** herein on all causes of action,

in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
      January 27, 2022

                                  Yours, etc.

                                  _____
                                  JAY J. MASSARO (JM 7924)
                                  DELL & DEAN, PLLC
                                  Attorneys for Plaintiffs
                                  WILLIAM O'LEARY and LYNN O'LEARY
                                  1225 Franklin Avenue, Suite 450
                                  Garden City, New York 11530
                                  (516) 880-9700
                                  File No. 4428